# MEMORANDUM OF LAW IN SUPPORT OF FEDERAL WRIT OF HABEAS CORPUS

## PROCEDURAL BACKGROUND

3-19CV-3032K

Petitioner, Todd Brandon, Jr was convicted of aggravated robbery and sentenced to 16 years in the department of Texas Criminal Justice on 3/23/2000 cause no. F-0047092-SQ, TDCJ#926134. On 3/31/2011 Petitioner was released on parole with four years and eleven months remaining on his sixteen year prison term. On 12/17/2015 the appellant was charged with the offense of Sexual Assault Tex.Pen Code 22.011(a)(1), a second degree felony. On 12/18/2015 a blue warrant was issued, Petitioner remained incarcerated and on 11/7/2016 Petitioner was sentenced to two years TDCJ in cause no.13888-A Limestone County.

Thereafter, Petitioner waived his parole revocation hearing and was transported to TDCJ, after the Parole Board revoked his parole the Parole Board did not award Petitioner any street time he served.

Petitioner was given his sixteen year prison sentence TDCJ number and his four year and eleven month sentence started all over again.

The Parole Board contended that appellant was denied street-time pursuant to Texas Government Code § 508.283 (B), history of 3G offense, cause # F-0047092-SQ, TDCJ#926134 covered under Gov.Code 508.149.

And on July 4, 2018 the Petitioner filed his State Habeas. The Habeas was denied without written order based on the findings of the trial court on 2/27/2019. application no.89,465-01.

## JURISDICTION

Turner seeks habeas corpus relief in this court pursuant to 28 U.S.C.§ 2254, which provides the court with jurisdiction over the subject matter and the parties as he was convicted within this Court's jurisdiction.

## RECORDS

The Petitioner request that he be provided with a copy of the State records in this case.[1]

## THE PETITION IS TIMELY

Petitioner was sentenced on 11/7/2016 to two years TDCJ, thereafter waived his parole hearing. Petitioner filed his State Habeas on 7/04/2018, the Habeas was denied on 2/27/2019.

## FEDERAL WRIT OF HABEAS CORPUS

A <u>Introduction</u>

On April 24, 1996, President Clinton signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996. Title I of the Act significantly amended Chapter 153 of title 28 of the United States Code, which authorizes the federal courts to grant the writ of habeas corpus. Section 2254 lays out the remedies available in federal courts for offenders in state custody. Significantly for determining the validity of a federal writ, there are two standards which the federal courts will consider:

> § 2254(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim-
>
> 1)resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal Law, as determined by the Supreme Court

---

[1] Petitioner understands he is not entitled to receive a free copy of his trial records for habeas corpus purposes. See United States v. MacCollom, 426 U.S. 317 (1976); Smith v. Beto, 472 F.2d 164, 165 (5th Cir.1973). However, Petitioner request that a copy be sent to his unit Law Library were he may view the records there.

2

of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

B. <u>SCOPE</u>

The Petitioner is in custody under a state court judgment, and the Petitioner seeks a determination that the custody violates the Constitioion, laws, or treaties of the United States.

C. <u>ARGUMENT/GROUNDS/AND AUTHORITY</u>

---

GROUND ONE: The Petitioner Due Process Rights were violated when Petitioner's parole officer coerced him to waive his parole revocation hearing on the erroneous advice that he would receive full credit for his time served on the streets after being released on parole and that he would be serving time for his new offense.

---

1. <u>THE STATE COURT'S ANALYSIS OF THIS CLAIM WAS UNREASONABLE</u>

The Petitioner raised the above claim in exact words in state court. The state trial court responded after the District Attorney responded stating that additional infor mation is required. The trial court issued a two page Order Designating Issues appointing George Conkey (Appellate Lawyer) to resolve the issues designated issues and prepare findings of fact and conclusions of law within the applicable statutory deadline.

The court held the issue may be resolved by affid[avits], desposions, interrogatories, or by hearings, as deemed necessary by the person appointed.

A. Carmile Horton/Parole Officer

In state court at the habeas stage Petitioner alleged Carmile Horton erroneously advised the Petitioner that he would be awarded his street time and that he would only be srving a two year prison term, and after being mislead Petitioner waived his parole revocation hearing.

3

See State App at ground 1.

The state court never attempted or contacted the Petitioner's parole officer Carmile. Rather, the State court received additional affidavit[s] from the section director for Review and Release processing of TDCJ, Parole Division (Records). Nation (the affiant) stated in the affidavit that quote: "He admitted to a violation of Rule 2 (committed anew offense) as described in the "Notice of Alleged Violations of Release." Exhibit A at 2. He waived the right to a hearing stating, "I do not want a REVOCATION hearing. I understand that the parole officer has no authority to make promises as to what will happen if I do not have a hearing. I also understand that the Parole Board will, in all probability revoke. I have not been coerced into signing this waiver." Exhibit A at 3. Applicant's Parole was revoked on 11/28/2016.

Petitioner contends that the state court failed to adequately fact find, by failing to contact Carmile to find if she would admit or deny advising the Petitioner that he would receive street credit. In support of the coercen the Petitioner asserts that his original parole would have expired 3-24-16 his Parole Certificate was already printed - (exhibit A-56 State Record) at the time he waived his parole hearing, on 11-19-2016 (state's exhibit A-51-53). Thus, under §2254(d)(2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State Court proceeding.

Ground one should be granted.

Ground Two: Texas Government Code §508.283(B) is unconstitutional because it violates The U.S Due Process Clause, and violates the 8th Amendment prohibition against cruel and unusual punishment.

    A.    TEXAS GOVERNMENT CODE SECTION 508.283(b)

If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serv the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

However, Texas' House Bill 1649 amended the said Government Code to provide that it is a ground for removal from the Board of Pardons and Paroles if the member fails to comply with the policies or rules adopted by the Board of Pardons and Paroles Policy Board. The Board is required to determine which inmates are to be released on mandatory supervision, special conditions for paroles or mandatory supervision, and the modifications and withdrawal of conditions of parole or mandatory supervision. If a parolee has served a significant portion of his or her parole , mandatory supervision, or conditional pardon before it was revoked, the board is authorized to give the parolee credit toward the parolee's remaining prison sentence for the time spent on parole, mandatory supervision, or conditional Pardon.

## ARGUMENT AND AUTHORITIES

The Petitioner had only 3 months and 1 week from discharging his 16 year term. The Legislature intended to give credit toward the parolee's remaining prison sentence on parole if a parolee has served a significant portion of his parole... House Bill 1649...

The Federal Court is not authorized to tell the state court how to interpet it's own law.

However, the state violates due process when it makes law and does not follow it. See Rheuark v Shaw ,628 F.2d 297.

    B.    SINCE TURNER HAS LOST ALL OF HIS CREDIT, HE SPENT ON THE STRETTS HE HAS STATED A CLAIM THAT ENTITLES HIM TO FEDERAL RELIEF IN HIS FEDERAL HABEAS CORPUS RELIEF.

Petitioner lost 4 years and 8 months street credit toward his 4 yeear and 11 month remaing parole/sentence.

5

The record supports the allegation and the Petit[ioner] has provided support for his allegation. The proceeding affected a protected liberty interest.

"The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. Id. at 485; Wolf v. McDonnell, 418 U.S. 539, 555 (1974); Madison v. Parker, 104 F.3d 756, 767 (5th Cir.1997).

States may create liberty interests which are protected by the Due Process Clause. Sadin, 515 U.S. at 483-84; Madison, 104 F.3d at 767. These intrest will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. "these interests are generally limited to state created regulations or statutes which affect the quanitty of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767. Thus, the violation in case at bar poses an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life," and will "inevitably affect the duration of his sentence." Sandin, 515 U.S at 497. In addition the actions the State has taken has automatically changed the length of his sentence to the degree that it precluded him from entitlement to an accelerated release

6

date. Carson v.Johnson, 112 F.3d 818, 821 (5th Cir 1997).

While it is overstood that the Petitioner has no liberty intrest in obtaining parole in Texas, Orellana v.Kyle, 65 F.3d 29,32  The complaints in the Petition rise to the level of were his due process rights have been violated were the Petitioner served 4years & 8months of a remaining 4year and 11month sentence and the parole officer advised Mr.Turner that he would receive that significant amount of time credit, got him to waive his parole hearing and revoked the Petitioner's parole and stripped him of all the time he spent on the street. Petitioner was paid in full on his parole fees. Yes, the Petitioner has obtained a new felony offense, and as stated early in the State habeas the Board could have elected to not revoke him even though he had caught a new felony offense. The Petitioner passed a Polygraph Test regarding the new felony offense and could have used the test to convice the Board not to revoke.

Thus, since the Petitioner lost a significant amount of street - time that the Texas Legislators intended for him to receive. The Petitioner has stated a claim that entitles him to Federal Habeas Corpus relief.

## CONCLUSION

For the above reasons, the Petitioner respectfully request that the Petition for Writ of Habeas Corpus be Granted.

Respectfully, submitted

On behalf of the Petitioner
Pursuant to Johnson v. Avery
MILTON LEE GARDNER
TDCJ# 01913734 Beto Unit

X _Todd B. Turner_
TODD B. TURNER# 926134
beto unit 1391 fm 3328
Tennessee Colony, TX 75880

## INMATE'S DECLARATION

I hereby swear under the penalty of perjury the information in the foregoing document is true and correct so help me GOD

x _[signature]_                 x _[signature]_

MILTON LEE GARDNER#1913734       TODD BRANDON TURNER#926134

Date: 12/3/19

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading was sent first class mail to U.S DISTRICT COURT IN DALLAS TEXAS by placing same in the Prison Unit mailing system postage prepaid, on the _December, 3rd_ 2019.

x _[signature]_

Todd B. Turner#926134

Address: Northern District Court.
1100 Commerce Street
Room 1452
Dallas TX 75242

8