IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TODD BRANDON TURNER, JR, )<br>    ID # 926134, )<br>        Petitioner, )<br>         )<br>vs. )<br>         )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | <br><br><br><br>No. 3:19-CV-3032-K-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Respondent's Motion to Dismiss Turner's First Ground as Moot with Brief in Support*, received on March 31, 2022 (doc. 15), should be **GRANTED**, and the petitioner's first ground for relief should be **DISMISSED** for lack of jurisdiction. As to the petitioner's second ground for relief, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on December 23, 2019 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

### I.    BACKGROUND

Todd Brandon Turner, Jr. (Petitioner), an inmate formerly incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his 2016 parole revocation in Cause No. F-0047092-SQ under 28 U.S.C. § 2254. (*See* doc. 3 at 2; doc. 5 at 1.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See* doc. 3 at 1.)

After entering an open plea of guilty under a plea agreement, Petitioner was convicted of

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

first-degree aggravated robbery in Cause No. F-0047092-SQ in the 204th Judicial District Court of Dallas County, Texas, on May 18, 2000, and sentenced to 16 years' imprisonment in the TDCJ-CID. (*See* doc. 13-2 at 5-8.) In March 2011, he was released to parole with a projected expiration date of March 23, 2016, if parole was satisfactorily completed. (*See* doc. 13-3 at 23-25.) While on parole, Petitioner was indicted in Cause No. 13888-A in the 77th District Court of Limestone County, Texas, for second-degree sexual assault committed on December 17, 2015. (*See* doc. 14-1 at 2.) The TDCJ Parole Division subsequently issued and executed a pre-revocation arrest warrant for Petitioner on his 2000 aggravated assault case in December 2015. (*See* doc. 13-3 at 31-33; doc. 14-2 at 2; doc. 14-3 at 4.) After pleading guilty in the sexual assault case, Petitioner was convicted and sentenced to two years' imprisonment in the TDCJ-CID on November 7, 2016. (*See* doc. 14-1 at 2.) On November 19, 2016, he waived a revocation hearing and admitted violating the conditions of his parole in the 2000 aggravated assault case based on his sexual assault case. (*See* doc. 13-3 at 20-22.) His parole was revoked on November 28, 2016. (*See* doc. 14-2 at 2-3; doc. 14-3 at 4.)

On January 11, 2017, Petitioner submitted a time credit dispute resolution form relating to his sentence for the 2000 aggravated assault case; in response, he was informed on January 20, 2017, that he was denied credit for street-time served on parole under § 508.283(b) of the Texas Government Code.[3] (*See* doc. 14-3 at 4-5.) Petitioner's state habeas application, dated July 4, 2018, was received by the trial court on July 13, 2018. (*See* doc. 13-2 at 9-21.) On February 27, 2019, the Texas Court of Criminal Appeals denied the state habeas application without written order on the findings of the trial court without a hearing. (*See* doc. 13-1); *Ex parte Turner*, No.

---

[3] Section 508.283(b) of the Texas Government Code states, "If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation." Tex. Gov't Code § 508.283(b).

WR-89,465-01 (Tex. Crim. App. Feb. 27, 2019).

Petitioner raises two grounds for relief in his § 2254 filings:

(1) The Petitioner [sic] Due Process Rights were violated when Petitioner's parole officer coerced him to waive his parole revocation hearing on the erroneous advice that he would receive full credit for his time served on the streets after being released on parole and that he would be serving time for his new offense; and

(2) Texas Government Code § 508.283(B) is unconstitutional because it violates The U.S [sic] Due Process Clause, and violates the 8th Amendment prohibition [sic] against cruel and unusual punishment.

(doc. 5 at 3-4; *see also* doc. 3 at 6.)  He seeks "[t]o be reimbursed my street time and that the Texas Government Code 508.283(B) is unconstitutional." (doc. 3 at 7.)  Respondent filed a response on March 27, 2020.  (*See* doc. 14.)  Petitioner did not file a reply.  On March 31, 2022, Respondent filed a motion to dismiss Petitioner's first ground as moot based on the discharge of his sentence. (*See* doc. 15.)  Petitioner did not file a response to the motion.

## II.     JURISDICTION

In his first ground, Petitioner contends that his "Due Process Rights were violated when [his] parole officer coerced him to waive his parole revocation hearing on the erroneous advice that he would receive full credit for his time served on the streets after being released on parole and that he would be serving time for his new offense." (doc. 5 at 3.)  Respondent argues that this ground should be dismissed as moot because Petitioner discharged his sentence in the 2000 aggravated robbery case on December 10, 2020. (*See* doc. 15 at 1-4; doc. 15-1 at 2.)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell*

*v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

Here, Petitioner's claim that he was coerced into waiving a revocation hearing because his parole officer erroneously advised him that he would receive street-time credit for the time he spent on parole and would only serve his sentence for the sexual assault offense was pending at the time he discharged his sentence. Respondent provided evidence that Petitioner discharged his sentence on December 10, 2020. (*See* doc. 15-1 at 2; *see also* doc. 14-3 at 3.) "Once the convict's sentence has expired. . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Petitioner has not alleged or provided any facts to show the existence of any collateral consequences. Because he has discharged his sentence and has failed to show any collateral consequences of the conviction, his claim is moot and should be dismissed for lack of jurisdiction, and Respondent's motion to dismiss should be granted.[4]

### III. STATUTE OF LIMITATIONS

In his second ground, Petitioner contends that "Texas Government Code § 508.283(B) is unconstitutional because it violates The U.S [sic] Due Process Clause, and violates the 8th Amendment prohibitation [sic] against cruel and unusual punishment." (doc. 5 at 4.) Respondent

---

[4] To the extent the claim is not moot, it is barred by the statute of limitations for the same reasons as Petitioner's second ground for relief, as discussed below.

contends that this claim is time-barred, and alternatively, that it is without merit. (*See* doc. 14 at 8-12, 16-20; doc. 15 at 4.)

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, because Petitioner's claim is predicated on a parole revocation decision, "the limitation period began to run on 'the date on which the factual predicate of the claim . . . presented

could have been discovered through the exercise of due diligence.'"[5] *Sanford v. Thaler*, 481 F. App'x 202, 203 (5th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(1)(D)); *see also Goodwin v. Dretke*, 150 F. App' 295, 298 (5th Cir. 2005) ("[F]or limitations purposes, subpart (D) [of 28 U.S.C. § 2244(d)(1)] governs the timeliness . . . of the filing of claims predicated on parole decisions."). The factual predicate for Petitioner's claim challenging § 508.283(b) of the Texas Government Code as it applied to his parole revocation was discoverable on the date that his parole was revoked, November 28, 2016. Accordingly, the limitations period begins to run from the that date. *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner filed this habeas action over three years later. His claim is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

A. **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state habeas application was dated July 4, 2018, and received by the trial court on July 13, 2018, over seven months after the limitations period expired on November 28, 2017.[6] (*See* doc. 13-2 at 9-21.) It therefore does not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state

---

[5] Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review.

[6] Even assuming for purposes of this motion only that Petitioner showed that the one-year statute of limitations did not begin to run under 28 U.S.C. § 2244(d)(1) until he received the response to his time credit dispute resolution form on January 20, 2017, his state habeas application was still dated and received by the trial court over five months after such limitations period expired on January 20, 2018.

6

court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the petition.

### B. Equitable Tolling

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner provides no basis for equitably tolling the limitations period, and he has therefore failed to meet his burden to show that he is entitled to equitable tolling on this claim.

C. **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if *McQuiggin* applies, however, Petitioner does not allege that he is actually innocent. He has therefore failed to overcome the statute of limitations, and his claim should be denied as untimely.[7]

---

[7] Because the claim is barred by the statute of limitations, Respondent's alternative argument on the merits need not be addressed.

8

## IV. RECOMMENDATION

The *Respondent's Motion to Dismiss Turner's First Ground as Moot with Brief in Support*, received on March 31, 2022 (doc. 15), should be **GRANTED**, and the petitioner's first ground for relief should be **DISMISSED** for lack of jurisdiction. The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on December 23, 2019 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations as to the petitioner's second ground for relief.

**SIGNED this 7th day of December, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE